

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROY E. TAYLOR, | ) | |
|     Petitioner, | ) | Civil Action No. 7:06CV00435 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Norman K. Moon |
|     Respondent. | ) | United States District Judge |

The petitioner, Roy E. Taylor, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Taylor alleges that he received ineffective assistance of counsel at sentencing. For the following reasons, the court concludes that Taylor's motion is untimely. Therefore, the court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

## Background

On January 18, 2000, Taylor pled guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. He was subsequently sentenced to a total term of imprisonment of 188 months. Taylor's judgment of conviction was entered on May 8, 2000. He did not appeal his conviction or sentence.

Taylor executed the instant § 2255 motion on July 12, 2006. On July 20, 2006, the court conditionally filed the motion and advised Taylor that the motion appeared to be untimely. The court directed Taylor to submit any argument and/or evidence concerning the timeliness of his motion

---

[1] Rule 4(b) provides, in pertinent part, as follows: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

within twenty days. Taylor subsequently filed an "informal motion for equitable tolling" on August 9, 2006. Taylor contends that he is entitled to equitable tolling for three reasons: (1) he was in state custody for several years, and during that time, he had limited access to federal legal materials; (2) he has received no assistance from his former attorney; and (3) he has limited knowledge of the law.

## Discussion

Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255, para. 6.[2] In this case, Taylor's judgment of conviction was entered on May 8, 2000. Because Taylor did not appeal his conviction or sentence, the judgment became final on May 22, 2000, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Because Taylor did not execute the instant motion until July 12, 2006, the motion is clearly untimely under § 2255, paragraph 6.

In an attempt to avoid dismissal, Taylor argues that he is entitled to equitable tolling. However, equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325,

---

[2]Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255, para. 6.

Here, Taylor has not alleged anything to support the court's reliance on subsections (2), (3), or (4). Therefore, the court concludes that the one-year period of limitation began to run on the date Taylor's conviction became final.

2

330 (4th Cir. 2000)). Having reviewed Taylor's arguments, the court concludes that such extraordinary circumstances do not exist in this case. Taylor's limited access to legal materials, lack of representation during the filing period, and limited knowledge of the law do not provide a sufficient basis for equitably tolling the period of limitation. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that ignorance of the law is not a basis for equitable tolling, "even in the case of an unrepresented prisoner"); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (holding that a petitioner's delayed access to federal legal materials did not justify equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (holding that equitable tolling was not justified by a petitioner's unfamiliarity with the law or his lack of representation during the applicable filing period). Accordingly, Taylor's motion must be dismissed as untimely.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to Taylor and counsel of record for the respondent.

**ENTER:** This 11 day of October, 2006.

*/s/ Norman K. Moon*
United States District Judge